UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TATYANA ISHUTKINA and
NIKOLAY SYNKOV,

    Plaintiffs,

        vs.

CITIMORTGAGE,

    Defendant.
_____X

No. 3:17-cv-00031(VAB)(WIG)

## **RECOMMENDED RULING OF DISMISSAL**

Plaintiffs Tatyana Ishutkina and Nikolay Synkov bring this action against CitiMortgage in connection with property in Avon, Connecticut on which Plaintiffs reside and have a mortgage on through CitiMortgage. Plaintiffs have moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [Docs. # 2, 3]. For the reasons that follow, the Court recommends that Plaintiffs' motions be granted, but that their claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status. 28 U.S.C. §1915. Based upon review of the financial affidavits, the motions to proceed *in forma pauperis* should be granted.

The second step of the review process requires the Court to determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious;

1

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added). The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, by using this term as required, does not intend to diminish what the plaintiffs have experienced or its impact upon them.

When a plaintiff appears *pro se*, the complaint must be liberally construed in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This Court has held that "[t]he power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

Here, Plaintiffs seek to have the Court review certain communications between CitiMortgage and Plaintiffs and allow the Plaintiffs additional time in which to respond to, or make payments to, CitiMortgage. In the alternative, Plaintiffs ask the Court to consider the Fermata Arts Foundation, a 501(c) (3) organization they created, and allow it to take possession of the Avon property and thus discharge the loan with CitiMortgage.

Plaintiffs have attached to their Complaint numerous documents showing the work and purpose of the Fermata Arts Foundation. They have also attached correspondence with CitiMortgage regarding their loan. The Complaint itself, however, does not allege any wrongdoing or unlawfulness on the part of CitiMortgage. In addition, the documents attached do not allow the Court to extrapolate any action on CitiMortgage's part that would give Plaintiffs a

claim for relief in federal court.  In other words, the Complaint fails to state a claim on which relief may be granted.  "Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility."  *Wilson v. McKenna*, No. 3:12-CV-1581 (VLB), 2015 WL 1471908, at *4 (D. Conn. Mar. 31, 2015) (internal citation omitted).  Here, there are no factual allegations of wrongdoing that correspond to a cause of action such that the court can infer that CitiMortgage is liable for any misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, Plaintiffs' Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as failing to state a claim.

This is a recommended ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling should be filed within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2).

SO ORDERED, this  2nd  day of February, 2017 at Bridgeport, Connecticut.

                                                              /s/ *William I. Garfinkel*
                                                         WILLIAM I. GARFINKEL
                                                         United States Magistrate Judge