UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| TATYANA ISHUTKINA | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL CASE NO. |
| | : | 3:17-cv-00031 |
| CITIMORTGAGE | : | |
| Defendant. | : | |
| | : | |

**ORDER ADOPTING RECOMMENDED RULING**

Plaintiffs, Tatyana Ishutkina and Nikolay Synkov, initiated this action against Defendant, CitiMortgage, on January 6, 2017. On that same date, Plaintiffs filed a motion for leave to proceed *in forma pauperis*, which was subsequently referred to Magistrate Judge Garfinkel. On February 2, 2017, Magistrate Judge Garfinkel issued a Recommended Ruling granting the motion to proceed *in forma pauperis* but dismissing the Complaint for failure to state a claim. *See* Recommended Ruling, ECF No. 15. On February 13, 2017, Ms. Ishutkina filed an objection to the Recommended Ruling. *See* Pl.'s Objection, ECF No. 16.

The Complaint concerns a piece of property in Avon, Connecticut, for which Plaintiffs acquired a mortgage that was serviced by Defendant CitiMortgage. Plaintiffs attached copies of correspondence between themselves and CitiMortgage as exhibits to the Complaint and asked the Court to "review the materials" they provided. *See* Compl., ECF No. 1, p. 2, and Exhibits, ECF No. 1-2. The Complaint requests that the Court allow the Plaintiffs additional time in which to "prepare an answer" to CitiMortgage. Compl. p. 2. In the alternative, Plaintiffs ask the Court to consider the Fermata Arts Foundation, a 501(c) (3) organization they created, and "discharge the outstanding balance on the property and give it into possession of [the] Foundation." *Id.* at p. 4.

On January 9, 2017, Plaintiffs moved to participate in electronic filing in two separate motions. *See* ECF Nos. 8-9. On January 23, 2017, Plaintiffs moved to add Fannie Mae as Defendant. *See* Motion, ECF No. 10. On January 23, Plaintiffs moved for leave to file additional information concerning the Fermata Arts Foundation with the Court. *See* Motions, ECF Nos. 12-13. In these motions, Plaintiffs also

1

requested that the Court "activate a process of financing of the Fermata Arts Foundation through Fannie Mae institutions and to remove the effects of Fannie Mae-Putin threats." *See id*. at p. 2.

The Court hereby adopts the Recommended Ruling. As the Recommended Ruling correctly notes, Plaintiffs do not "allege any wrongdoing or unlawfulness on the part of CitiMortgage," nor do they "extrapolate on any action on CitiMortgage's part that would give Plaintiffs a claim for relief in federal court." Recommended Ruling, 2-3. Plaintiffs also do not make specific allegations concerning Fannie Mae. *See* Motion to Add Defendant. In their objection to the Recommended Ruling, Plaintiffs argue that Judge Garfinkel has "not acknowledged" or "considered" many attributes of the Fermata Arts Foundation, including the organization's "communication with the offices of Senators and Congressmen." Pl.'s Objection, 1-2. The objection, however, sheds no new light on Plaintiffs's claims, nor does it provide the Court with any factual basis to support any recognized legal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.") (internal marks and citations omitted). Accordingly, the Complaint is appropriately dismissed.

The Recommended Ruling is ADOPTED and the Complaint is DISMISSED for failure to state a claim. Plaintiffs's pending motions to participate in electronic filing (ECF Nos. 8-9), to file correspondence to the Court (ECF Nos. 12-13), and to add a new Defendant (ECF No. 10) are DENIED as moot. The Clerk of the Court is directed to enter judgment for Defendant and close this case.

SO ORDERED at Bridgeport, Connecticut, this 13th day of April, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE